# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MOSES SEBUNYA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:20-cv-00270-GZS |
| | ) |
| ALEJANDRO MAYORKAS, Secretary, | ) |
| Department of Homeland Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF TRANSFER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint, or, in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1406(a) (ECF No. 26). For reasons briefly explained herein, the Court GRANTS IN PART this Motion.

Plaintiff Moses Sebunya, a resident of Maine, alleges that as a reservist employee of the Federal Emergency Management Agency ("FEMA"), which is located within the United States Department of Homeland Security ("DHS"), he was subjected to discriminatory and retaliatory actions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. In considering Defendant's arguments that this matter is not properly venued in the District of Maine, the Court accepts the well-pleaded facts from the Amended Complaint (ECF No. 13), as well as the facts contained in Defendant's supplemental affidavits and supporting exhibits (ECF Nos. 22-26). See Holley v. Wilkie, No. 2:18-CV-00350-JAW, 2019 WL 2343839, at *1 (D. Me. June 2, 2019), report and recommendation adopted, 2019 WL 3554692 (D. Me. Aug. 5, 2019) (internal quotation marks and citation omitted).

The parties agree that Plaintiff's claims are subject to the venue provisions of 42 U.S.C. § 2000e-5(f)(3). Plaintiff initially asserts that his Amended Complaint qualifies under the first prong of this venue provision because the allegedly unlawful employment practices were committed in Maine. However, the Court disagrees. Plaintiff's allegations surrounding Defendant's unlawful employment decisions are initially tied to his removal from a Missouri deployment in June 2017. This incident occurred outside Maine with all decisionmakers located outside of Maine.[1] The allegations that follow relate to other decisions made respecting his deployments to California, Florida, Puerto Rico, and South Carolina.[2] As to each of these deployments, the decision as to when to activate Sebunya and where to send him was made by decisionmakers located in the District of Columbia.[3]

Plaintiff alternatively invokes the third prong of § 2000e-5(f)(3) claiming that Maine is where Sebunya would have worked but for the alleged unlawful employment practices. However, as to his initial allegation, it is abundantly clear that Sebunya would have continued to work in Missouri but for the decisions that he asserts were discriminatory and retaliatory. As to the remaining allegations of his Amended Complaint, it is clear that Sebunya is alleging that he would have received more deployments to other locations outside of Maine but for

---

[1] Likewise, to the extent that Sebunya alleges retaliation in the form of a "reply all" email sent on September 20, 2017 that disclosed his pending EEO complaint for the incidents in Missouri, it appears that this email originated from FEMA headquarters. There is no allegation that it was received in Maine by anyone with the possible exception of Sebunya.

[2] The Court acknowledges that Plaintiff alleges that his South Carolina deployment was virtual. However, the only relevant allegations related to this deployment is that his supervisors (located in D.C.) "prevented [him] from swapping for an assignment to Puerto Rico." Am. Compl. at PageID # 123-24. Thus, the Amended Complaint does not allege that any alleged discrimination or retaliation occurred while Sebunya was completing his virtual South Carolina deployment in Maine. See Holley, 2019 WL 2343839, at *2 ("[C]ourts should apply 'a commonsense appraisal of events having operative significance' in determining where venue lies.") (quoting Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 277 (D.D.C. 2002)).

[3] See, e.g., Def. Ex. 2 (ECF No. 25-2), PageID # 163 (Sebunya's internal EEO complaint listing two FEMA employees located outside of Maine as the persons "who took that action at issue").

discriminatory and retaliatory decisions made by his supervisors in the District of Columbia.

While Plaintiff relies heavily on the fact that Sebunya lives in Maine and, as a result, had Maine set as his duty station, this is not a case where Sebunya was hired by FEMA to work remotely in Maine. Rather, he was an intermittent employee that FEMA would activate and deploy to locations as needed throughout the United States. The decisions about when and where to deploy Sebunya were made by his supervisors in the District of Columbia. Under this factual scenario, it is clear to the Court that 42 U.S.C. § 2000e-5(f)(3) does not contemplate that Plaintiff's Title VII claims are properly venued in the location where he spent his time in non-pay status waiting for his next deployment.[4]

While Rule 12(b)(3) allows dismissal of an action where venue is "improper," the Court agrees with Plaintiff that the interests of justice require transfer of this matter to a district "in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff specifically requests transfer the District of Columbia, which is where FEMA has its headquarters and where the alleged discriminatory and retaliatory actions were committed. Defendant agrees that venue properly lies in the District of Columbia. Therefore, the Court hereby GRANTS IN PART AND DENIES IN PART Defendant's Motion (ECF No. 26) and ORDERS that this case be transferred to the District of Columbia.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 18th day of March, 2021.

---

[4] To the extent that Plaintiff argues that this matter is properly venued in the District of Maine under the analysis laid out by the Ninth Circuit in Passantino v. Johnson & Johnson Consumer Prod., Inc., 212 F.3d 493 (9th Cir. 2000), the Court concludes that Passantino is factually distinguishable and unlikely to be adopted by the First Circuit for reasons adequately stated in Defendant's Reply. See ECF No. 28, Page ID # 247-29.