**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MOSES SEBUNYA**, <br><br> Plaintiff, <br><br> v. <br><br> **ALEJANDRO N. MAYORKAS**, <br><br> Defendant. | Case No. 21-cv-780 (CRC) |

## PRETRIAL ORDER

A Pretrial Conference will be held at **2:00 p.m.** on **May 15, 2025**, before Judge Christopher R. Cooper in Courtroom 27A. Jury selection is set to begin at **9:30 a.m.** on **May 19, 2025** before Judge Christopher R. Cooper in Courtroom 27A.

Motions in limine shall be filed with the Court not later than **21 days** prior to the Pretrial Conference; oppositions thereto shall be filed not later than **14 days** prior to the Pretrial Conference; and replies in support of motions in limine shall be filed not later than **7 days** prior to the Pretrial Conference. The Court will not entertain late motions in limine unless there is a compelling explanation. The Court will not consider motions in limine that relitigate issues already resolved by the Court.

At least **four weeks** in advance of the Pretrial Conference, the parties are required to meet and confer to begin preparing a Joint Pretrial Statement that must be submitted not later than **14 days** prior to the Pretrial Conference pursuant to Local Civil Rule 16.5(a) and (d)(5). At the meeting, the parties must discuss and attempt to resolve all objections to exhibits (including as to authenticity) and all motions in limine. Separate Pretrial Statements may be struck, *sua sponte*. In accordance with Local Civil Rule 16.5(b), the Joint Pretrial Statement must include:

1. **Parties and Counsel:** List names, addresses, and telephone numbers of all parties and counsel on whose behalf the Joint Pretrial Statement is filed. In addition, provide the names of lead counsel who intend to try the case.

2. **Nature of the Case:**  Provide a brief joint statement describing the nature of the case, the identities of the parties, and the basis of the Court's jurisdiction.  The statement should be sufficiently brief, clear, and non-argumentative to be suitable for reading to the jury.

3. **Claims and/or Defenses:**  Provide a statement setting forth, concisely, each claim a party has against any other party (including counter-, cross-, and third-party claims).  The statement of defenses shall set forth each defense raised by a party to a claim asserted against it.

4. **Undisputed Issues/ Stipulations:**  List all issues not in dispute or facts to which the parties have stipulated.

5. **Witness Schedule:**  List the name, address, and telephone number of each witness scheduled to be called by a party, including rebuttal witnesses.  The schedule shall also set forth a brief description of the testimony to be given by the witness, and an estimate of the time necessary for direct examination.  Opinion witnesses shall be designated by an asterisk.  Witnesses called for impeachment purposes need not be listed.  However, no party may call at trial any witness the party has not listed (except for impeachment purposes) in the Joint Pretrial Statement.  The listing of a witness does not commit the party to have such witness available at trial or to call such witness to testify, but it does preclude the party from objecting to the presentation of such witness's testimony by another party.  No listed witness will be precluded from testifying unless an objection is made in the Joint Pretrial Statement and the basis and supporting authority for the objection is articulated.  The Court will accept the parties' written agreement to use a deposition at trial even though the witness is available.  In absence of such an agreement, parties must comply with Fed. R. Civ. P. 32.  The parties must identify any witnesses they intend to call at trial, and the expected order of witnesses, by noon the day before.

6. **Exhibit List:**  List and describe each exhibit to be offered in evidence, including (if possible) rebuttal exhibits, with each exhibit identified by number, title, and date (if applicable).  No exhibit will be admitted at trial (except in rebuttal) unless it is listed on the Joint Pretrial Statement.  Each exhibit listed will be deemed authentic and potentially admissible at trial unless an objection is made in the Joint Pretrial Statement and the basis and supporting authority for the objection are articulated.  Most objections to exhibits should be cured by discussion between the parties, and the parties should stipulate as to the admissibility of as many exhibits as possible.  Objections not disclosed in the Joint Pretrial Statement, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the Court for good cause shown.  If there are objections to an exhibit listed in the Joint Pretrial Statement, the exhibit shall be produced at the Pretrial Conference for the Court's review.  Exhibits shall be submitted to the Court in three-ring binders with appropriate tabs.

    (a) **Examination by Opposing Party:**  Except where beyond the party's control or otherwise impractical (*e.g.*, records from an independent third-party being obtained by subpoena), each party shall make exhibits available for inspection and copying by an opposing party.

(b) **Authentication of Exhibits:** Counsel requiring authentication of an opponent's exhibit must notify offering counsel in writing within ten (10) business days after the exhibit is identified and made available for examination. Failure to do so is an admission of authenticity.

(c) **Marking:** Each party that anticipates offering more than five (5) exhibits as substantive evidence shall pre-mark such exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. The Court will provide up to 100 labels; if a party needs more labels, that party must use labels of the same type as those supplied by the Court. Counsel must contact the Courtroom Deputy for the appropriate exhibit-list form for use at trial. The Court urges counsel to be judicious in determining which documents are actually relevant to necessary elements of the case.

7. **Deposition Testimony**: Identify each deposition or portion thereof, by page and line numbers, that the party intends to offer in evidence. All cross-designations under Fed. R. Evid. 106 must be identified as well. Designated or cross-designated deposition testimony will be deemed potentially admissible at trial unless an objection is made in the Joint Pretrial Statement and the basis and supporting authority for the objection are articulated. Any objections to deposition testimony shall be accompanied by excerpts from the depositions including the testimony to which the objection relates. Objections not disclosed in the Joint Pretrial Statement, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the Court for good cause shown.

8. **Demonstrative Evidence:** Describe all demonstrative evidence to be used at trial. Demonstrative evidence listed in the Joint Pretrial Statement will be deemed potentially admissible at trial unless an objection is made in the Joint Pretrial Statement and the basis and supporting authority for the objection are articulated.

9. **Relief Sought:** Set forth separately each element of damages and monetary amount claimed (including prejudgment interest, punitive damages, and attorneys' fees). Do not include amounts claimed for intangible damages. Set forth all other relief sought against any party.

10. **Pending Motions:** List all pending motions, including motions in limine, indicating title and filing date.

11. **Jury Cases:** In jury cases, the parties must also submit:

(a) proposed voir dire questions that indicate
    i. the voir dire questions on which the parties agree; and
    ii. the voir dire questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

The Court's general practice is to ask the venire approximately 20-25 "yes" or "no" voir dire questions, to question each juror at the bench concerning their positive responses, and to allow follow-up questions by counsel within the scope of the original question.

    (b) a list of proposed jury instructions, followed by the text of each proposed instruction, that indicates:
  i. the instructions on which the parties agree;
  ii. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and
  iii. the source of the proposed instructions (e.g., Standardized Civil Jury Instructions for the District of Columbia) or, for modified or new instructions, their supporting legal authority. Counsel should contact the Courtroom Deputy to obtain a copy of the Court's Template Final Jury Instructions for Civil Cases; and

    (c) a proposed verdict form, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson.

**The proposed voir dire questions, proposed jury instructions, and proposed verdict form shall be filed electronically via ECF and be submitted in Microsoft Word format via e-mail. Counsel shall obtain the appropriate email address from the Courtroom Deputy. Counsel shall NOT to use this e-mail address for ANY other purpose, unless directed to do so by the Court.**

12. **Non-Jury Cases:** In non-jury cases, the parties must submit detailed proposed findings of fact and conclusions of law with supporting authorities.

**The proposed findings of fact and conclusions of law shall be filed electronically via ECF and submitted in Microsoft Word format via e-mail. Counsel shall obtain the appropriate email address from the Courtroom Deputy. Counsel shall NOT to use this e-mail address for ANY other purpose, unless directed to do so by the Court.**

13. **General Courtroom Rules:** The Court expects counsel to exercise civility at all times toward each other, the Court, and everyone involved in the case or working with the Court.

    (a) Unless otherwise directed by the Court, motions shall be made and argued from the lectern.
    (b) Unless leave is otherwise given, counsel shall question witnesses and make opening statements and closing arguments from the lectern, or using a lapel microphone, and shall speak into the microphone.
    (c) Counsel shall obtain permission from the Court before approaching a witness.
    (d) The Court will strictly apply the rules on rebuttal evidence. See Black's Law Dictionary (9th ed. 2009) (defining "rebuttal evidence" as "[e]vidence offered to disprove or contradict the evidence presented by an opposing party").
    (e) Counsel are reminded that the traditional rules regarding opening statements and closing arguments will be enforced by the Court.
    (f) All statements by counsel should be directed to the Court and not to opposing counsel.
    (g) Counsel are reminded that their own opinions regarding facts or issues in a case are irrelevant and should not be communicated to the jury (*e.g.*, "I think . . . , we believe . . .").

(h) Counsel are reminded to secure clearance from the Court before posing questions or engaging in procedures in the presence of the jury that carry a risk of undue prejudice, or that by law or customary procedures require judicial pre-approval.

(i) Unless otherwise permitted by the Court, counsel shall refer to all witnesses over the age of 18, including their clients, as "Mr." or "Ms." or by their official title (*e.g.*, "Captain" or "Dr."). All witnesses are to be addressed in a respectful and polite manner.

14. **Direct and Cross-Examination:** On direct and cross-examination of a witness, counsel shall not:

    (a) Testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received in evidence;
    (b) Use an objection as an opportunity to argue or make a speech in the presence of the jury;
    (c) Show the jury a document or anything else that has not yet been received in evidence without leave of the Court. If counsel is using electronic equipment to display documents to the jury and the Court, counsel shall make sure that the document has been admitted in evidence before it is shown to the jury; or
    (d) Except in extraordinary circumstances, be permitted to recross-examine any witness.

15. **Objections at Trial:** Bench conferences are discouraged.[1] Counsel who make objections during trial must state the legal basis for their objections without elaboration or argument (unless invited)—*e.g.*, "objection, hearsay," "objection, lack of foundation." The Court will generally rule on the objection without additional discussion except in the most critical areas. For purposes of "protecting the record" and assisting appellate review, counsel may explain or amplify their objections on the record after the jury has been excused for a break, for lunch, or for the day.

16. **Rule on Witnesses:** Except for the parties or their authorized representatives permitted under Rule 615 of the Federal Rules of Evidence and any expert witnesses, all witnesses shall remain outside the courtroom except while actually testifying. Unless permission for a witness to remain in the courtroom is expressly sought and granted, the rule on witnesses is always in effect, even during voir dire and opening statements. Counsel shall instruct witnesses not to discuss their testimony with others after they leave the stand. Counsel calling a witness to testify, and counsel's agents, should have no further discussions with that witness concerning any aspect of the testimony already given or anticipated until such time as the witness has completed his or her testimony.

17. **Witnesses on Call:** Once the trial begins, witnesses shall be put on call at the peril of the calling party. The trial will not be recessed because a witness on call is unavailable, except in extraordinary circumstances. The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court. The party calling a witness shall arrange for

---

[1] Counsel may seek to convene a bench conference if counsel is about to engage in a line of inquiry on direct or cross-examination that reasonably necessitates preclearance, *e.g.*, potentially inflammatory areas of interrogation

that witness's presence until cross-examination is completed, including the following trial day if need be. The failure to have a witness present for cross-examination following direct examination is grounds to strike the witness's testimony.

18. **Verbal or Facial Contact with the Jury:** Counsel shall not make any verbal comments, facial expression, laughter or other contact with the jury that could be interpreted as conveying a comment one way or the other with respect to any testimony, argument, Court ruling, or event that may occur during trial. Nor shall any such persons offer gratuitous comments or asides about witnesses' testimony or opposing counsel.

19. **Closing Arguments and Instructions:** In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the jurors' prejudices. Moreover, during closing argument and throughout the trial, counsel shall not:

    (a) Make statements of personal belief to the jury;
    (b) Make personal attacks on other counsel in the case;
    (c) Appeal to the self-interest of the jurors; or
    (d) Make potentially inflammatory racial, ethnic, political, or religious comments.

    With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections. The Court will intervene *sua sponte* and not wait for objections if it detects a failure to adhere to basic legal principles and standards of civility. Failure to abide by these rules may result in sanctions.

20. **Estimated Length of Trial:** List the number of days estimated for trial, and any scheduling problems with witnesses.

The parties must file the Joint Pretrial Statement electronically via ECF and submit to chambers a courtesy copy (both physical and electronic). With regard to format, the Joint Pretrial Statement submitted to chambers shall be double-spaced, in 12-point Times New Roman font, in Microsoft Word format, with margins of no less than one (1) inch. The physical courtesy copy shall be delivered to the Courtroom Deputy in a three-ring binder with each section separated by labeled tab dividers, and the electronic copy shall be emailed as directed above in paragraph 11(c).

**SO ORDERED.**

Date:   October 22, 2024

CHRISTOPHER R. COOPER
United States District Judge